ESTHER MARTIN et al., Appellants, v. DONALD DICKINSON et al., Respondents.— Appeal from an order of the County Court of Tompkins County, which granted defendants' motion for a nonsuit and dismissed the complaint, in an action for brokers' commissions. In June, 1962, the defendants orally retained the plaintiff Sopp, a licensed real estate saleswoman employed by a licensed broker, the plaintiff Martin, to sell a house and lot in Tompkins County for the sum of $28,000. The owner of the premises had conveyed the same to defendants as trustees for the benefit of creditors. On June 26, Mrs. Sopp submitted a written offer from Daniel and Carol Sisler of $27,500, title to close on September 1, 1963. On June 29, 1962 defendant Dickinson, a friend of Mrs. Sopp and a trustee, called and stated that the offer was accepted and Mrs. Sopp was to go to Mr. Sovocool's office. Mr. Sovocool, one of the trustees and the attorney representing the group, rejected the offer and inserted three conditions, including a statement that the Sislers would pay the interest on an existing mortgage from July until the closing. The Sislers struck out the mortgage condition and returned the offer to Mr. Sovocool. Mrs. Sopp agreed to an oral request to extend the Sisler's offer until July 5, 1962. On the morning of July 5, 1962 the defendant Dickinson told Mrs. Sopp that this offer was acceptable and that she should go to Mr. Sovocool's office to obtain the acceptance. Mrs. Sopp went to the office and was asked to return later in the day. Upon her return, while Mrs. Sopp was waiting to see Mr. Sovocool, two other real estate men arrived and stated to Mr. Sovocool that they had a client willing to pay $28,000. Mr. Sovocool informed Mrs. Sopp of this fact and told her that he was giving these brokers 20 minutes to reduce the offer to writing. Mrs. Sopp then contacted plaintiff Martin and they called Mrs. Sisler who also came to Mr. Sovocool's office. Mrs. Sisler, after discussions with the plaintiffs and her attorney by telephone, signed a written offer for $28,100. This offer was not accepted and when the other real estate man returned several hours later, the other party's written offer of $28,000 was accepted. The plaintiffs stipulated that the causes of action set forth in the complaint were not based on the acceptance of an offer for $27,500 but were based on the plaintiffs having secured a buyer ready, willing and able to purchase the property for an amount $100 in excess of the demanded price of $28,000; and they assert that such offer was duly tendered prior to acceptance of the competing offer, plaintiff Sopp testifying to various statements by defendant Sovocool indicating that plaintiffs had not been discharged, that he was not sure the other offer "would come in definitely" and wished " to hold on to " plaintiffs' principals. The defendants maintain that upon the receipt of the $28,000 oral offer from the other broker they terminated the plaintiffs' employment. Thus we have a clear question of fact. The jury might find that the plaintiffs' employment was terminated prior to the time of their written offer of $28,100 or that their employment continued and the defendant unjustifiably refused to go through with the transaction when the $28,100 offer was made. Order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.